[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-11625
Non-Argument Calendar
_____

D.C. Docket No. 9:14-cr-80220-KLR-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

SALVADOR ORTIZ-MERINO,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(September 30, 2015)

Before TJOFLAT, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

After Salvador Ortiz-Merino pled guilty to illegal reentry by a deported alien, in violation of 8 U.S.C. § 1326(a), the district court sentenced him to 12 months' imprisonment, an upward variance from the advisory guideline range of 0

to 6 months.  On appeal, Ortiz-Merino argues that his sentence is procedurally and substantively unreasonable.  After thorough review, we affirm.

We review the sentence a district court imposes for "reasonableness," which "merely asks whether the trial court abused its discretion."  United States v. Pugh, 515 F.3d 1179, 1189 (11th Cir. 2008) (quoting Rita v. United States, 551 U.S. 338, 351 (2007)).  The party challenging the sentence bears the burden to show it is unreasonable.  United States v. Tome, 611 F.3d 1371, 1378 (11th Cir. 2010).

In reviewing sentences for reasonableness, we typically perform two steps. Pugh, 515 F.3d at 1190. First, we "'ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence -- including an explanation for any deviation from the Guidelines range.'"  Id. (quoting Gall v. United States, 552 U.S. 38, 51 (2007)).[1]   The district court is not required to explicitly state that it considered the § 3553(a) factors, as long as the court's comments demonstrate that

---

[1]    The § 3553(a) factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for the sentence imposed to afford adequate deterrence; (4) the need to protect the public; (5) the need to provide the defendant with educational or vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing Guidelines range; (8) the pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwanted sentencing disparities; and (10) the need to provide restitution to victims. 18 U.S.C. § 3553(a).

it considered the factors when imposing sentence.  United States v. Dorman, 488 F.3d 936, 944 (11th Cir. 2007).

If we conclude that the district court did not procedurally err, we consider the "'substantive reasonableness of the sentence imposed under an abuse-of-discretion standard,'" based on the "'totality of the circumstances.'"  Pugh, 515 F.3d at 1190 (quoting Gall, 552 U .S. at 51).  "[W]e will not second guess the weight (or lack thereof) that the [court] accorded to a given [§ 3553(a)] factor ... as long as the sentence ultimately imposed is reasonable in light of all the circumstances presented."  United States v. Snipes, 611 F.3d 855, 872 (11th Cir. 2010) (quotation, alteration and emphasis omitted).  We will not reweigh the relevant § 3553(a) factors, and will not remand for resentencing unless the district court committed a clear error of judgment in weighing the § 3553(a) factors by imposing a sentence outside the range of reasonable sentences.  United States v. Langston, 590 F.3d 1226, 1237 (11th Cir. 2009).  Thus, a court may abuse its discretion when it (1) fails to consider relevant factors that were due significant weight, (2) gives an improper or irrelevant factor significant weight, or (3) commits a clear error of judgment by balancing the proper factors unreasonably.  United States v. Irey, 612 F.3d 1160, 1189 (11th Cir. 2010) (en banc).  Moreover, a court should not focus on one factor "single-mindedly" to the detriment of other factors, and a court's unjustified reliance on any one § 3553(a) factor may be a

3

symptom of an unreasonable sentence. United States v. Crisp, 454 F.3d 1285, 1292 (11th Cir. 2006).

We may not presume that a sentence outside the guideline range is unreasonable, and "must give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance." Irey, 612 F.3d at 1187 (quotation omitted). Extraordinary justification is not required, but the district court should explain why the variance is appropriate, and the justification must be sufficiently compelling to support the degree of the variance. Id. at 1186-87. A sentence imposed well below the statutory maximum penalty is an indicator of a reasonable sentence. See United States v. Gonzalez, 550 F.3d 1319, 1324 (11th Cir. 2008) (holding that the sentence was reasonable in part because it was well below the statutory maximum). The maximum term of imprisonment for a defendant convicted of illegal reentry by a deported alien under 8 U.S.C. § 1326(a) is two years. 8 U.S.C. § 1326(a).

Here, Ortiz-Merino has failed to show that his sentence is unreasonable. As for procedural reasonableness, the district court was not required to specifically discuss each § 3553(a) factor, and the record establishes that the court set forth enough to show that it had considered the parties' arguments and had a reasoned basis for its decision -- specifically, it said that it had considered the parties' arguments, the guideline range, and the § 3553(a) factors. In imposing the upward

variance, the court stressed that Ortiz-Merino's number of illegal reentries was "extraordinary" and demonstrated a lack of respect for the law. The court also responded to Ortiz-Merino's arguments that he (1) had usually voluntarily departed the United States, and (2) came to the United States because of troubling circumstances in Mexico.

As for substantive reasonableness, the district court explained why the variance was appropriate and gave a sufficiently compelling justification for it: Ortiz-Merino's record of 14 illegal entries and voluntary departures or removals prior to the instant conviction, which implicated several § 3553(a) factors, including the need to promote respect for the law and deter criminal conduct. The variance was also supported by Ortiz-Merino's numerous driving offenses, including ten convictions for driving without a valid driver's license, as well as his conviction for domestic battery and pending charge for aggravated battery. Although the district court placed significant weight on Ortiz-Merino's repeated illegal entries, it did not focus on this factor "single-mindedly" to the detriment of others, and expressly noted that it considered the § 3553(a) factors as well as the parties' arguments, which addressed a multitude of § 3553(a) factors. While the court may not have weighed Ortiz-Merino's traumatic childhood experiences as much as he desired, its decision to weigh other factors more heavily was within its

sound discretion.  Finally, the 12-month sentence was considerably below the 24-month statutory maximum.

**AFFIRMED**.